# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 00-3320/3321
_____

| | | |
|---|---|---|
| Save Greers Ferry Lake, Inc., an Arkansas Not-For-Profit Corporation, | * * * | |
| Appellant/cross-appellee, | * * | |
| John E. Allen, Richard E. Atkins, Clement Valys, Paul E. Barley, Jim Wallis, John Gillenwater, Jim Hale, Bill Hebert, Gene Rudd, Charles Purtle, Joe Coe, Neil Beisenstein, Samual Boellner, James Bolhuis, Wesley Harris, Chuck Case, S.C. Cooke, Carol Fick, Jim Gowen, William Avrett, Timothy Henwood, Gene Cutrell, Stacy Schmidt, Bob Pittman, John Reaves, Shelby Moore, Edmund Massey, Kenneth Nadeau, Cecil Roberts, Michael Stuart, Larry Jolley, John C. Olsen, Bill Julian, | * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the Eastern District of Arkansas |
| Intervenor Plaintiffs-Appellees. | * * | |
| v. | * * | |
| Department of Defense, United States Army Corps of Engineers, Thomas A. Holden, Jr., Colonel, District Engineer, Little Rock District Corps of Engineers, Edwin J. Arnold, Brigadier General, Division Commander, Southwest Division, U.S. Army Corps of | * * * * * * * | |

Engineers, Joseph N. Ballard, Lt. Gen.,     *
Chief of Engineers, U.S. Army Corps         *
of Engineers; Joseph Westphal,              *
Assistant Secretary, Civil Works,           *
U.S. Department of the Army, Louis          *
Caldera, Secretary of the United            *
States Department of the Army,              *
                                            *
     Appellees/cross-appellants.     *
                                            *
Lance Phillips, William C. Adkisson,        *
Don St. Pierre, Gerald Schenebeck,          *
Albert Vajda, Thomas Kennedy,               *
Charles Doty, Jenette Hebert,               *
Donald Faughn, Mike Hoffman,                *
                                            *
     Movants.                         *

_____

Submitted: May 16, 2001

Filed: July 3, 2001
_____

Before McMILLIAN and BEAM, Circuit Judges, and KYLE,[1] District Judge.
_____

McMILLIAN, Circuit Judge.

Greers Ferry Lake (the Lake) is located in the Ozark Mountains, within the State of Arkansas, and its shoreline is under the management of the United States Corps of Engineers, Little Rock District (the Corps). On April 12, 2000, a not-for-profit

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

organization, Save Greers Ferry Lake, Inc. (SGFL), filed the present action in the United States District Court for the Eastern District of Arkansas[2] under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. §§ 702-706, seeking injunctive and declaratory relief based upon certain actions taken by the Corps in its management of the Lake's shoreline. Jurisdiction was asserted under 28 U.S.C. § 1331. Specifically, SGFL alleged that the Corps had violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332, by issuing a Finding of No Significant Impact (FONSI) in relation to its so-called 2000 Shoreline Management Plan (2000 SMP), thereby determining it did not have to prepare an Environmental Impact Statement (EIS) before adopting the 2000 SMP. NEPA requires all federal government agencies to prepare an EIS for all "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). SGFL alleged that the 2000 SMP significantly affected the quality of the human environment because: (1) it rezoned numerous areas along the Lake, thus authorizing the Corps to issue permits for the construction of new boat docks in those rezoned areas; (2) it increased by 300% the area around habitable structures that could be cleared of vegetation; and (3) it instituted a "Wildlife Enhancement Permit" which allowed limited, but unspecified, modifications of the Lake's shoreline. See Appellants' Appendix at 28-30 (Complaint for Declaratory and Injunctive Relief, ¶ 38). In its complaint, SGFL requested, among other things: a declaration that the 2000 SMP was null and void; an order compelling the Corps' compliance with NEPA, including the preparation of an EIS, before the adoption of a new shoreline management plan; preliminary and permanent injunctions prohibiting the issuance of permits pursuant to the 2000 SMP, including permits for the construction of new boat docks; and an order requiring the Corps to revoke any permits previously issued pursuant to the 2000 SMP. See id. at 39-40 (request for relief).

---

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

SGFL moved for a preliminary injunction on April 20, 2000. After holding hearings on May 25 and May 30, 2000, the district court granted SGFL's motion.[3] See Save Greers Ferry Lake, Inc. v. United States Army Corps of Engineers, No. 1:00-CV-051 (E.D. Ark. June 1, 2000) (order). In a written order filed on August 24, 2000, the district court explained that the record as a whole, including the Corps' own environmental assessment, "did not support the Corps' conclusion that the 2000 SMP would have no significant adverse impacts on the environment." See id., slip op. at 1-2 (Aug. 24, 2000) (final order). The district court also declared that any boat dock permits issued pursuant to the 2000 SMP were "inoperative," except that, where a permit had already been implemented – i.e., where a dock had already been constructed – those docks could remain in place but were not to be used, pending certain binding adjudications or events.[4] See id. at 3-4.

In the interim, however, on June 9, 2000, the Corps publicly announced that it was canceling and withdrawing the 2000 SMP retroactively to May 30, 2000, and that the Corps' pre-existing shoreline management plan, adopted in 1994, would remain in effect pending the adoption of a new shoreline management plan "'issued pursuant to applicable laws and regulations.'" Id. at 2. Furthermore, at a hearing before the district court held on June 13, 2000, the Corps specifically stated on the record that it would prepare an EIS. Id.

---

[3]At the same time, the district court denied a motion for summary judgment filed by the Corps, but that ruling is not on appeal. See Save Greers Ferry Lake, Inc. v. United States Army Corps of Engineers, No. 1:00-CV-051 (E.D. Ark. June 1, 2000) (order).

[4]The Corps had issued 32 boat dock construction permits between April 11 and May 23, 2000, pursuant to the 2000 SMP. See id., slip op. at 2 (Aug. 24, 2000) (final order).

Meanwhile, a petition for leave to intervene was filed with the district court by a group of property owners who had been issued boat dock construction permits prior to May 30, 2000, pursuant to the 2000 SMP. The district court granted them leave to intervene, for the limited purpose of appealing the district court's order granting SGFL's motion for a preliminary injunction. See id. (July 31, 2000) (amended and substitute order granting motion to intervene). The intervening property owners (hereinafter appellants) timely appealed from the district court's final order enjoining further construction or use of boat docks permitted under the 2000 SMP, pending certain developments. SGFL cross-appealed the district court's ruling that the handful of boat docks already constructed pursuant to 2000 SMP permits could remain on the Lake pending certain developments. By letter submitted to this court on November 3, 2000, the Corps declined to participate in the appeal.

We have jurisdiction over the appeal and cross-appeal under 28 U.S.C. §§ 1291, 1292(a).

For reversal, appellants argue that the district court erred in holding that the Corps acted arbitrarily and capriciously in deciding that the 2000 SMP would have a *significant* adverse impact on the human environment and that an EIS was therefore required. In response, SGFL argues that there is no longer a live case or controversy within the meaning of Art. III, § 2, of the United States Constitution, and the appeal should be dismissed as moot. See Brief for Appellee at 14-17 (citing, e.g., Hickman v. Missouri, 144 F.3d 1141 (8th Cir. 1998)). In any event, SGFL argues, the district court did not err in holding that the Corps acted arbitrarily and capriciously in issuing the FONSI and adopting the 2000 SMP.

As indicated above, the present action was brought under the APA largely to challenge the validity of the 2000 SMP under NEPA, in the absence of a supporting EIS. Now, to the extent that the 2000 SMP is no longer in force, there is no longer a case or controversy for the courts to adjudicate regarding the present or future validity

of the 2000 SMP. In other words, while the district court's preliminary injunction clearly had the salutary effect of prompting the Corps to reevaluate its issuance of the FONSI, withdraw the 2000 SMP, and decide to prepare an EIS, the injunction cannot continue in effect insofar as it purports to adjudicate the present or future legality of the withdrawn 2000 SMP and to order an EIS for the 2000 SMP. To that extent, the injunction lacks a jurisdictional basis in federal court.

There is, however, a live controversy vis-a-vis the legality of the boat dock construction permits issued pursuant to the 2000 SMP prior to its revocation. The Corps has taken no definitive action with respect to those permits,[5] and we recognize that appellants, many of whom are holders of such permits, have a real interest at stake in this litigation. Upon careful *de novo* review (for the limited purpose of addressing the legality of those existing boat dock construction permits), we agree with the district court that the Corps acted arbitrarily and capriciously in issuing the FONSI (a determination the Corps does not choose to dispute) and that the 2000 SMP was adopted in violation of NEPA. The reasons for these conclusions are thoroughly stated in the district court's order of July 31, 2000, and require no elaboration. See Save Greers Ferry Lake, Inc. v. United States Army Corps of Engineers, slip op. at 3-9 (July 31, 2000) (order granting appellants leave to intervene for the limited purpose of bringing the present appeal). We therefore hold that any boat dock construction permit issued during the short life of the 2000 SMP may not be recognized or enforced as a matter of law.

The boat docks that have already been constructed on the Lake under permits issued pursuant to the 2000 SMP may remain on the Lake, and they may be maintained

---

[5]In the district court on June 23, 2000, the Corps stated: "[I]t was not the intent of the agency to revoke or invalidate boat dock permits issued prior to the preliminary injunction. That issue is pending before the Court and is for the Court, not the Corps of Engineers, to decide." See Addendum to Reply Brief for Appellants at 1-2.

to prevent movement or deterioration but may not be used for any recreational purposes, unless and until the Corps implements a new shoreline management plan in full accordance with NEPA and lawfully issues new permits for those docks or unless the docks can be authorized and permitted under the pre-existing (prior to the 2000 SMP) shoreline plan in which event they may be both maintained and used like any other similar installations. If they may not be so authorized and permitted and if the Corps does not take such action within one year after the date of this order, then the subject boat docks shall be removed by whoever owns them as of that one-year anniversary date, subject to any order(s) permitting further maintenance or use issued by the district court or this court prior to that anniversary date.

In conclusion, we remand the case to the district court with instructions to dissolve the preliminary injunction. The district court shall dismiss the case to the extent it is now moot and shall take any additional actions it deems necessary and appropriate to dispose of the case consistent with our opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.